**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CAM'RON MARCUS CARRICK, et al.,<br>Plaintiffs<br>v.<br>WILLIAM BRIAN COSTELLO, et al.,<br>Defendants | Case No.: 2:26-cv-03721-APG-BNW<br>**Order Granting Ex Parte Motion for Temporary Restraining Order**<br>[ECF No. 3] |

The plaintiffs were evicted from their home and left personal property behind. On November 10, 2026, the defendants (the landlord and persons acting on its behalf) told the plaintiffs they would dispose of the personal property if the defendants failed to notify them by 5:00 that evening whether they would retrieve it on November 11 or 12. The plaintiffs now move for an injunction to prevent the defendants from disposing of their property. ECF Nos. 3, 4. The plaintiffs have emailed copies of their motion and complaint to the defendants. ECF Nos. 1-1 at 23; 3 at 5.

Because the plaintiffs have raised serious questions whether the defendants complied with the timing requirements set forth in the relevant Nevada Revised Statutes (NRS), I grant the motion and temporarily restrain the defendants from disposing of the plaintiffs' property. Given the defendants' self-imposed deadline, there is insufficient time to provide the defendants with notice prior to issuing this injunction.

**Factual Background**

The plaintiffs were evicted from their home on October 5, 2026 and left personal property behind. On October 8, the defendants purportedly wrote a letter to the plaintiffs "to

provide 14-days advance notice" about their personal property.[1] ECF No. 3 at 3. The plaintiffs contend that the October 8 letter was never processed or delivered by the United States Postal Service. *Id.* On October 28, 2026, the defendants produced an inventory of personal property that was left on the premises. ECF No. 1-1 at 16. On November 7 and 9, 2026, defendant Christopher Reade notified the plaintiffs that the landlord was proceeding to dispose of the property based on the October 8, 2026 letter. *Id.* On November 10, 2026, Reade emailed the plaintiffs telling them to notify the defendants by 5:00 that evening whether they would retrieve the personal property on November 11 or 12; if no notice was received by that deadline, the defendants would presume the plaintiffs intended to not retrieve the property. ECF No. 7 at 7.

**Legal Standard**

Under Federal Rule of Civil Procedure 65(b)(1), I may enter a temporary restraining order without notice to a party

> only if: (A) specific facts in . . . a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The defendants are not entirely without notice, as the plaintiffs have emailed the complaint and motion to at least some of the defendants or their counsel. ECF Nos. 1-1 at 23; 3 at 5. The complaint is verified and explains the imminent loss of the plaintiffs' medical supplies and financial documents. ECF No. 1-1. The defendants have stated that they will dispose of that property by 5:00 p.m. on November 12, 2026. The plaintiffs were advised on November 7 (a Saturday), and November 9 that the landlord was going to dispose of their property. The plaintiffs filed their complaint and TRO motion on November 9. ECF No. 1-1 at 16. On

[1] I have not been provided a copy of the October 8 letter.

November 10, the landlord gave the plaintiffs a choice of two-hour windows on November 11 or 12 (but not both) to retrieve their property. ECF No. 7 at 7. The landlord also indicated that if it did not receive a response by 5:00 p.m. on November 10, "there will be no further extensions provided" and the property would be removed by 5:00 p.m. on November 12. *Id.* Given the time it would take to serve the defendants and to hold a hearing with the intervening federal holiday on November 11, the plaintiffs have shown that they are likely to suffer immediate and irreparable injury, loss, or damage before the defendants can be heard in opposition. Additionally, the plaintiffs have explained their efforts to notify the defendants and their counsel. *See* ECF No. 3 at 5. Accordingly, Rule 65(b)(1) is satisfied.

To qualify for a temporary restraining order, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

The plaintiffs have shown serious questions going to the merits of their claim that the defendants did not comply with the notice provision of NRS 118A.460. ECF No. 1-1 at 19. That statute governs how a landlord may dispose of personal property that is abandoned or left on the premises by a tenant. The landlord must "reasonably provide for the safe storage of the property for 30 days after the abandonment or eviction." NRS § 118A.460(1)(a). Here, the plaintiffs were evicted on October 5, 2026. ECF Nos 1-1 at 14; 7 at 3. So the 30-day safe storage window closed on November 4.

> After the expiration of the 30-day period, the landlord may dispose of the property . . . if the landlord has made reasonable efforts to locate the tenant, has notified the tenant in writing of his or her intention to dispose of the property and 14 days have elapsed since the notice was given to the tenant. The notice must be mailed to the tenant at the tenant's present address, and if that address is unknown, then at the tenant's last known address.

NRS § 118A.460(1)(b). For this 14-day notice, the defendants seem to rely on an October 29 email from the plaintiffs purportedly acknowledging the expiration of the 30-day period. ECF No. 7 at 7. But that email does not satisfy NRS § 118A.460(1)(b) because the 14-day notice must come from the landlord. The October 8 letter likely does not satisfy the statute both because it apparently was never processed or delivered by the Postal Service and it was sent before expiration of the 30-day safe storage period. Even if the 14-day period is measured from Reade's November 7 email, it would expire on November 21, nine days after the defendants' November 12 deadline. ECF No. 7 at 7-8. Thus, the plaintiffs have raised serious questions as to the merits of their claim that the defendants did not comply with NRS § 118A.460(1). ECF No. 1-1 at 19.

Absent injunctive relief, the plaintiffs will likely suffer irreparable harm in that they will permanently lose their personal effects, including medical supplies and "irreplaceable legal, medical, and Social Security records." ECF No. 3 at 6. On the other hand, the only harm to the defendants from a temporary restraining order will be storage fees for the short period of time the injunction is in place.[2] Thus, the balance of hardships tips sharply in the plaintiffs' favor because their irreparable harm is significantly greater than the harm the defendants would suffer. The public interest favors parties following statutory deadlines, so a temporary restraining order serves the public interest.

---

[2] The plaintiffs' personal property is currently stored in the garage of the premises, so it is doubtful the defendants would incur any storage fees.

Based on the foregoing, I temporarily enjoin the defendants from disposing of the plaintiffs' property. The plaintiffs appear to be indigent (ECF No. 1), this injunction will last only a short period of time, and the defendants' potential damages from an improper injunction appear quite small. Thus, I will not require security from the plaintiffs at this time.

I THEREFORE ORDER that the plaintiffs' motion for temporary restraining order **(ECF No. 3) is GRANTED**. I hereby enjoin the defendants, their agents, and anyone acting in concert with them who have notice of this order from disposing of the plaintiffs' personal property that is in the defendants' possession or control by reason of the lockout at 8836 Cornwall Glen Avenue, Las Vegas, Nevada 89129.

I FURTHER ORDER the defendants to file a response to the motion for preliminary injunction (ECF No. 4) by November19, 2026. That response should include a report on the status of the Nevada state court proceedings regarding the subject property and the results of the November 17 hearing in that case. The plaintiffs may file a reply by November 23, 2026 at 1:00 p.m. I will conduct a hearing on the plaintiffs' motion for preliminary injunction on Tuesday, November 24, 2026 at 9:30 a.m. in Las Vegas courtroom 6C. The plaintiffs and the defendants must timely email their respective filings to the email addresses listed in the next paragraph.

I FURTHER ORDER that, as a one-time courtesy, and due to the emergency nature of the dispute, the clerk of court is instructed to email this order to the plaintiffs and to the defendants and their counsel at the following email addresses:

| | |
|---|---|
| camrock_carrick@pm.me | jewell.e.briseno@pm.me |
| creade@crdslaw.com | advid@crdslaw.com |
| will.b.costello@gmail.com | nebbiyolore@gmail.com |
| mbohn@bohnlawfirm.com | croteaulaw@croteaulaw.com |

tim@croteaulaw.com

I advise the plaintiffs that this order and my direction for the clerk of court to email it to the defendants does not count as service under Federal Rule of Civil Procedure 4. The plaintiffs still must accomplish service under Rule 4 once their in forma pauperis application (ECF No. 1) is addressed. *See S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (stating that "service of process is the means by which a court asserts its jurisdiction over the person").

I further advise the plaintiffs that one pro se plaintiff cannot represent another in federal court. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Both Cam'Ron Carrick and Jewell Briseno signed the complaint through /s/ signatures, but it is unclear if Carrick is attempting to sign on Briseno's behalf or whether she approved the complaint. For purposes of the TRO motion, Carrick adequately alleges that he serves as the other two plaintiffs' "uncompensated full-time resident live-in family caregiver and Next Friend (FRCP 17(c)) and lessee/occupant" of the subject property. ECF No. 1-1 at 9. Carrick thus has alleged he has standing sufficient to support the TRO.

DATED this 11th day of November, 2026 at 3:26 p.m.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE